UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| JUAN CARLOS CUELLAR, et al.,<br><br>　　　　　Plaintiffs,<br><br>　v.<br><br>CROWNE HOSPITALITY, LLC, et al.,<br><br>　　　　　Defendants. | Case No.: C 08-5020 PVT<br><br>**ORDER Deferring Plaintiffs'<br>Motion to Extend Time to Serve<br>Summons; Vacating Further Case<br>Management Conference;<br>Scheduling Briefing and Hearing On<br>Fairness Hearing** |

On January 7, 2010, Plaintiffs filed a motion to extend the time for to serve summons. Defendants opposed the motion. Having reviewed the papers submitted by the parties, the court finds it appropriate to issue this order without oral argument. Based on the moving, opposition and reply papers submitted,

IT IS HEREBY ORDERED that the Plaintiffs' motion to extend time to serve the complaint on the individual Defendants is DEFFERED until after a court determination on the fairness of the settlement agreements entered into by Plaintiffs. Defendants note that all Plaintiffs have settled their claims with the corporate Defendants, and Plaintiffs do not dispute that fact. The settlement agreements signed by Cesar Alatorre and Martin Alatorre provide that those Plaintiffs will dismiss this action with prejudice in exchange for the corporate Defendants paying Plaintiffs certain sums. Any such dismissal will eliminate those Plaintiffs claims against *all* Defendants, both corporate and

individual.  The settlement agreement signed by the other eight Plaintiffs expressly states that those Plaintiffs are releasing their claims against the owners and employees of the corporate Defendants. Thus, all three settlement agreements, if found to be fair by the court, effectively settle Plaintiffs' claims against *all* Defendants, both corporate and individual.

IT IS FURTHER ORDERED that the further Case Management Conference is VACATED.

IT IS FURTHER ORDERED that the parties shall appear at 10:00 a.m. on March 23, 2010 for a fairness hearing regarding the three settlement agreements.  No later than March 16, 2010, the parties shall submit simultaneous briefs regarding the fairness of the settlements entered into by Plaintiffs.  As Plaintiffs note in their reply brief, an employee's claims under the FLSA are non-waivable, and thus may not be settled without supervision of either the Secretary of Labor or a district court.  *See Yue Zhou v. Wang's Restaurant*, 2007 WL 172308 at * 1 (N.D.Cal. 2007); *see also, Lynn's Food Stores, Inc. v. United States*, et al., 679 F. 2d 1350, 1352-53 (11th Cir. 1982).  The proper procedure for court review and approval of any settlement of FLSA claims is for the parties to present the settlement agreement to the district court, after which the court may enter a stipulated judgment of dismissal after scrutinizing the settlement for fairness.  *See Lynn's Food Stores, Inc.*, 679 F. 2d at 1353; *see also Schulte, Inc. v. Gangi*, 328 U.S. 108, 113 n.8 (1946); *Jarrard v. Southeastern Shipbuilding Corporation*, 163 F.2d 960, 961 (5th Cir. 1947); *and* House Report No. 101-664.  In evaluating any such settlement, a court must determine whether the settlement is a fair and reasonable resolution of a *bona fide* dispute.  *See, Lynn's Food Stores, Inc.*, 679 F. 2d at 1355. "If a settlement in an employee FLSA suit does reflect a reasonable compromise over issues, such as FLSA coverage or computation of back wages, that are actually in dispute[,] ... the district court [may] approve the settlement in order to promote the policy of encouraging settlement of litigation." *Id*. at 1355.

Dated: *2/22/10*

*(signature)*
PATRICIA V. TRUMBULL
United States Magistrate Judge

ORDER, *page 2*