United States District Court
For the Northern District of California

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| JUAN CARLOS CUELLAR, et. al., | NO. 5:08-cv-05020 PVT |
| Plaintiff(s), | **ORDER GRANTING PLAINTIFFS' MOTION TO ENFORCE SETTLEMENT AGREEMENTS** |
| v. | |
| CROWN HOSPITALITY, LLC, et. al., | [Docket Item No. 75] |
| Defendant(s). | |

Plaintiffs Juan Cesar Alatorre and Martin Alatorre (collectively, "Plaintiffs") brought this wage-and-hour action against their former employers Crown Hospitality, LLC, Crown Hotel Group Inc., Peter Fan and Tanya Fan (collectively, "Defendants"). In or about November, 2009, Plaintiffs each executed separate settlement agreements with Defendants. See Docket Item Nos. 69, 71. In an order filed October 29, 2010, the court approved the agreements as reasonable compromises of the claims and dismissed this case, reserving jurisdiction to enforce the terms of the agreements. See Docket Item No. 73. Defendants thereafter defaulted on the payments owed to Plaintiffs under the settlement. Presently before the court is Plaintiffs' joint motion to enforce the separate settlement agreements ("Motion"). Only counsel for Plaintiffs appeared at the hearing on July 15, 2011. No opposition having been raised and good cause therefore appearing, Plaintiffs' Motion will be

granted.[1]

## I. DISCUSSION

A district court may enforce a settlement agreement so long as it expressly retains jurisdiction over the agreement in its order of dismissal. Kokkonen v. Guardian Life Ins. Co., 511 U.S. 375, 381 (1994). To be enforceable, an agreement must meet two requirements. First, it must be a complete agreement. Callie v. Near, 829 F.2d 888, 890 (9th Cir. 1987). Second, both parties must have agreed to the terms of the settlement, either through express consent or by authorizing counsel to settle the dispute. Harrop v. Western Airlines, Inc., 550 F.2d 1143, 1144-45 (9th Cir. 1977).

Here, the settlement agreements between Plaintiffs and Defendants meet the requirements for enforcement. As mentioned above, the court expressly reserved jurisdiction to enforce the agreements in its order dismissing the case. See Docket Item No. 73 ("It is hereby ordered that, in light of the courts approval of all Plaintiffs' settlements with Defendants, this case is dismissed with prejudice. The court retains jurisdiction to enforce the terms of the parties' settlement agreements."). Thus, Plaintiffs have properly sought enforcement in this court. Also, the agreements are complete. Each is six pages in length, clearly states the amounts owed by Defendants, and contains a clause declaring each to be an "integration fo the entire understanding and agreement of the parties." See Docket Item No. 69 at ¶¶ 2, 12; see also Docket Item No. 71 at ¶¶ 2, 12.[2] Finally, the docket reveals that the parties agreed to the terms of the settlement, even though the court has not been provided fully-executed agreements. See Docket Item Nos. 30 (noting settlements reached in mediation), 53 (stating Defendants' recognition that settlements had been reached), 69 (settlement agreement between Martin Alatorre and Defendants), 71 (settlement agreement between Cesar Alatorre and Defendants), 73 (order approving agreements and dismissing

---

[1] This disposition is not intended for publication in the official reports.

[2] Specifically, Defendants were to pay $30,000.00 to Martin Alatorre through his attorney by January 31, 2010. They were also to pay $6,000.00 to Cesar Alatorre, again through his attorney, ny the same date. See Docket Item No. 69 at ¶ 2; see also Docket Item No. 71 at ¶ 2. Each agreement states that in the event of a breach by Defendants, "Plaintiff may file a motion to enforce this Agreement to have a judgment entered against Defendants, less the amount already paid." See Docket Item No. 69 at ¶ 9; see also Docket Item No. 71 at ¶ 9.

case).

In short, Plaintiffs have demonstrated the elements required for enforcement. Plaintiffs and Defendants entered into complete, clear and valid settlement agreements, but Defendants have not upheld their end of the bargain. As such, the finds good cause to grant the Motion.

## II.   ORDER

Based on the foregoing, Plaintiffs' motion to enforce the settlement agreements is GRANTED as plead.

Judgment is entered in favor of Martin Alatorre and against Defendants in the total amount of $33,000.00, which includes the $30,000.00 payment due under the settlement agreement plus $3,000.00 in prejudgment interest pursuant to California Civil Code § 3289.

Judgment is entered in favor of Cesar Alatorre and against Defendants in the total amount of $6,600.00, which includes the $6,000.00 payment due under the settlement agreement plus $600.00 in prejudgment interest pursuant to California Civil Code § 3289.

No attorneys fees are awarded based on the representation of Plaintiffs' counsel at the hearing.

IT IS SO ORDERED.

Dated: July 15, 2011

EDWARD J. DAVILA
United States District Judge

**THIS IS TO CERTIFY THAT COPIES OF THIS ORDER HAVE BEEN DELIVERED TO:**

Jack Gordon Cairl cairl@ikplaw.com
James Dal Bon jdblaw@earthlink.net
Tomas Eduardo Margain margainlaw@hotmail.com
Robert M. Partain rpartain@oslaw.com

**Dated:  July 15, 2011**                                          **Richard W. Wieking, Clerk**

                                                                   **By:      /s/ EJD Chambers**
                                                                           **Elizabeth Garcia**
                                                                           **Courtroom Deputy**

Case No. 5:10-08-5020 PVT
ORDER GRANTING PLAINTIFF'S MOTION TO ENFORCE SETTLEMENT AGREEMENTS (EJDLC1)